<div align="center">

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

</div>

| | |
|---|---|
| ABER HAYNES LISTER,<br>Booking No. 25712878,<br><div align="right">Plaintiff,</div><br>vs.<br><br>CINDY DAVIS, Judge, et al.,<br><div align="right">Defendants.</div> | Case No.:  3:26-cv-00226-JAH-MSB<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS*** |

Plaintiff Aber Haynes Lister, while detained at San Diego Central Jail, and proceeding without counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.)  Lister seeks $12 million in damages based on claims that he has been denied a fair trial and has been subject to several vindictive San Diego Superior Court criminal prosecutions.  (*Id.* at 2–5, 7.)  For the reasons explained, the Court dismisses the action *sua sponte* without prejudice.

**I.      Failure to Pay Filing Fee or to File *In Forma Pauperis* ("IFP") Motion**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

///

<div align="center">-1-</div>

$405.[1]  An action may proceed despite a plaintiff's failure to pay the entire fee only if he seeks and the court grants him leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

"While the previous version of the IFP statute granted courts the authority to waive fees for any person 'unable to pay[,]' … the PLRA [Prison Litigation Reform Act] amended the IFP statute to include a carve-out for prisoners:  under the current version of the IFP statute, 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.'"  *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)).  Section 1915(b) "provides a structured timeline for collecting this fee."  *Id.* (citing 28 U.S.C. § 1915(b)(1)-(2)).

Therefore, to proceed IFP, prisoners like Plaintiff must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for … the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(1), (2).  Using this financial information, the court "shall assess and when funds exist, collect, … an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account."  *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015).

---

[1] Civil litigants must pay an administrative fee of $55 in addition to the $350 statutory filing fee.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The additional $55 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

Plaintiff did not pay the $405 filing pursuant to 28 U.S.C. § 1914(a) at the time he filed his Complaint, nor has he filed a properly supported motion to proceed IFP pursuant to 28 U.S.C. § 1915(a).  Until Plaintiff either pays the filing fee in full or complies with § 1915(a)'s requirements, his case cannot proceed.  *See Andrews*, 493 F.3d 1047, 1051; *Hymas,* 73 F.4th at 765.

**II.    Conclusion**

Accordingly, the Court **DISMISSES** this civil action *sua sponte* without prejudice based on Plaintiff's failure to pay the $405 civil filing and administrative fee or to submit a motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a).

To successfully re-open the case, Plaintiff must either:  (a) pay the entire $405 civil filing and administrative fee; *or* (b) complete and file a motion to proceed IFP which includes a certified copy of trust account statement for the 6-month period preceding the filing of his complaint no later than **April 10, 2026**.  *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2(b).  If Plaintiff fails to do either by **April 10, 2026**, this action will remain dismissed without prejudice based on his failure to pay the filing fees required by 28 U.S.C. § 1914(a).

**IT IS SO ORDERED.**

Dated:  February 26, 2026

_____
Hon. John A. Houston
United States District Judge